[Civ. No. 5286.    First Appellate District, Division Two.—December 26, 1925.]

## LEON A. ATWOOD, Respondent, v. SOUTHERN CALIFORNIA ICE COMPANY, Appellant.

[1] WAREHOUSEMEN — NEGLIGENT STORAGE OF APPLES — EVIDENCE — FINDINGS—APPEAL.—In this action against a warehouseman to recover damages alleged to have been incurred when a large number of rats ran upon, over, and across plaintiff's apples and ate holes in large numbers of them, which caused the juice and pulp of the apples so eaten into to run down, over, and upon others, the evidence on the issues raised by defendant having been conflicting, and there having been no claim on appeal that plaintiff was guilty of any act which prevented defendant from having a fair trial, or that the trial court made any ruling at any time which prevented defendant from producing its entire defense, the appellate court could not disturb the findings of the trial court in favor of plaintiff.

(1) 4 C. J., p. 883, n. 33.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Warmer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sidney J. Parsons for Appellant.

McNabb & Hodge for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages alleged to have been incurred while plaintiff's apples were in storage in the defendant's warehouse. The defendant answered, and a trial was had before the trial court sitting without a jury. Judgment went for the plaintiff and the defendant has appealed.

In response to allegations contained in the pleadings the trial court found that the defendant is a California corporation having its principal place of business at San Ber-

nardino, California; that as a corporation the defendant is engaged in conducting a cold-storage warehouse; that during the months of October and November, 1919, plaintiff delivered to defendant at its cold-storage warehouse in the city of San Bernardino, California, 12,000 boxes of apples, a portion of which constituted the 120,000 pounds of apples described in plaintiff's amended complaint; that all of said apples so delivered to defendant by plaintiff were delivered for the purpose of having defendant keep said apples in cold storage until such time as the plaintiff sold the same; that at the time of the delivery of said apples by plaintiff to defendant all of said apples were in good condition; that the defendant accepted said apples and all of them as being in good condition and piled said boxes containing all of said apples in its said warehouse in the usual and customary manner for storage; that defendant negligently and carelessly and without exercising ordinary care in conducting and maintaining its said warehouse in which said apples were stored, permitted and allowed said warehouse to become infested with large numbers of rats, and during all the time said apples were stored in said warehouse defendant negligently, and without exercising ordinary care, maintained said warehouse in said condition and allowed large numbers of rats to infest said warehouse and to run upon, over, and across said apples and to eat holes in large numbers of them, which caused the juice and pulp of the apples so eaten into by said rats, to run down, over, and upon others of said apples belonging to plaintiff, etc.

[1]  The appellant makes three points. It claims (1) that it was not negligent; (2) that the apples were infested with mice when brought into the warehouse; and (3) that the defendant at all times exercised that degree of reasonable care that a warehouseman under the circumstances was in law bound to exercise. It does not claim that the respondent was guilty of any act which prevented the appellant from having a fair trial and it does not claim that the trial court made any ruling at any time which prevented the appellant from producing its entire defense. Turning to the three points which the appellant makes it is sufficient to state that there was much evidence introduced for and against each of the propositions stated by the appellant.

The most that we can say in its behalf is that the evidence was conflicting, but in that regard we are not to be understood as intimating that the evidence did not preponderate in behalf of the respondent. Under well-established rules, in the face of such a record, an appellate court may not disturb the findings made by the trial court.

. The appellant earnestly contends that under the law a warehouseman is not an insurer. Neither in the trial court nor in this court do we understand the respondent to make a contrary contention. We find nothing in the record indicating that the trial court so ruled.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.